[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 27, 2011
JOHN LEY
CLERK

No. 10-13909
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cv-00141-HLM

COREY JACKSON,

Plaintiff-Appellant,

versus

B&L DISPOSAL, INC.,
d.b.a. BLD Roll-Off Containers,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 27, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Corey Jackson appeals the district court's grant of summary judgment in his

employment discrimination lawsuit, which claimed retaliation by his former

employer, B&L Disposal, Inc., in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a).

## I.

Jackson, a white male, had complained to John Griffin, his immediate supervisor at B&L, about his co-workers using racial slurs in casual conversation during lunches, breaks, and occasionally during work. A few days later Griffin told Jackson that he had been fired from his position.

Jackson brought an employment discrimination lawsuit against B&L alleging retaliation under Title VII. He alleged that he was fired by B&L because of his complaints to Griffin about his co-workers' use of racial slurs. B&L moved for summary judgment, submitting affidavits and a statement of material facts in support and arguing that Jackson had not presented a prima facie retaliation case under Title VII.

B&L pointed out and Jackson conceded in his response to B&L's statement of material facts that, although Griffin had told Jackson he had been fired, Griffin did not have the authority to fire him and that decision was instead made by Brian Stover, B&L's owner. Additionally, Jackson admitted that he had not told Stover about his complaint and that he did not know whether Griffin had told Stover. In sworn affidavits attached to B&L's summary judgment motion, both Griffin and

Stover stated that Griffin had not told Stover of Jackson's complaint before Jackson was fired, and Stover stated that he did not know about the complaint before he fired Jackson.

The district court granted B&L's summary judgment motion. Jackson contends that was error because he presented a prima facie retaliation case under Title VII.

## II.

"We review <u>de novo</u> a district court's grant of summary judgment, applying the same legal standards as the district court. We will affirm if, after construing the evidence in the light most favorable to the non-moving party, we find that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." <u>Alvarez v. Royal Atl. Developers, Inc.</u>, 610 F.3d 1253, 1263–1264 (11th Cir. 2010) (citation omitted). "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514 (1986).

To successfully establish a prima facie retaliation case under Title VII, the plaintiff must show: (1) he engaged in statutorily protected expression; (2) he

3

suffered an adverse employment action; and (3) there was a causal connection between the protected expression and the adverse action. Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2005). Jackson argues, among other things, that he presented sufficient evidence of a causal connection because his complaint occurred so close in time to his termination. He asserts that temporal proximity alone provides enough circumstantial evidence to create a genuine issue of material fact about the causal connection between his complaint to Griffin and his termination by Stover.

"To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." Shannon v. BellSouth Telecomms., Inc., 292 F.3d 712, 716 (11th Cir. 2002) (quoting Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 590 (11th Cir. 2000)). "Discrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent. When evaluating a charge of employment discrimination, then, we must focus on the actual knowledge and actions of the decision-maker." Walker v. Prudential Prop. & Cas. Ins. Co., 286 F.3d 1270, 1274 (11th Cir. 2002) (citation omitted).

> The general rule is that close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of

material fact of a causal connection. However, there is this exception: temporal proximity alone is insufficient to create a genuine issue of fact as to causal connection <u>where there is unrebutted evidence that the decision maker did not have knowledge that the employee engaged in protected conduct.</u>

<u>Brungart v. BellSouth Telecomms., Inc.</u>, 231 F.3d 791, 799 (11th Cir. 2000) (emphasis added).

Jackson failed to establish a causal connection between his complaint and his termination. As we have already noted, Jackson admitted that Stover had sole authority to hire and fire him, that he had not told Stover about his complaint, and that he did not know whether Griffin told Stover about his complaint. In sworn affidavits both Stover and Griffin denied that Griffin had informed Stover of Jackson's complaint before Jackson was terminated. And Stover denied knowing anything about the complaint before Jackson was terminated. Because that evidence was not rebutted, under <u>Brungart</u> the district court did not err in finding that there was no genuine issue of material fact as to the causal connection between Jackson's complaint and his termination. And because Jackson did not establish a causal connection, he failed to present a prima facie case of retaliation under Title VII.

**AFFIRMED.**